## CATHERINE F. CONNORS

*vs.*

## ANDROSCOGGIN AND KENNEBEC RAILROAD COMPANY.

Androscoggin County. Decided June 8, 1922. Action to recover damages for injuries sustained by the plaintiff on November 8, 1920, while walking southerly on the easterly sidewalk of Lisbon Street in Lewiston on her way to work at the Lewiston Bleachery. At this point the defendant was constructing three spur tracks leading from a yard or field across this easterly sidewalk to connect with the main line. The excavation on the sidewalk for these spur tracks was about twenty-five feet long, eight feet wide and twelve to eighteen inches deep. The work had been going on for several days. The removed earth was piled along the easterly line of the walk. At night during the progress of the work the entire excavation was covered by a plank or board platform which was placed there by the laborers at the end of the day's work and was removed in the morning before the next day's work began. At noon, while the force were at dinner, the excavation was left unguarded and unprotected.

The accident happened at 12:50 P. M. on the last day of the construction work. The ties and rails had been put in place and some tamping beneath the ties had been done at the northerly and southerly sides. The plaintiff claims that a plank about ten feet long had been laid across the rails in the central portion; that when she came to the excavation she crossed on this plank as she had seen others ahead of her do, but that it was warped at the southerly end and as she came to that end the plank wobbled and threw her off, causing the injuries.

The defendant claims that there was no plank across the spur tracks, and that the plaintiff was injured in crossing by stubbing her toe causing her to fall and strike her knee against one of the rails.

The sharp issue around which the testimony crystallized was the existence or nonexistence of the plank which, if there, constituted as it was claimed an invitation to pedestrians to use it in crossing, rather than to take the street around the excavation, a situation clearly distinguishable from that in *McLane* v. *Caribou National Bank*, 100 Maine, 437. The evidence was irreconcilable. The plaintiff and two apparently disinterested witnesses all testified positively that they crossed on it that noon. Three of the defendant's employes out of twelve who were engaged in this construction, and a young man who crossed just ahead of the plaintiff, testified as positively that no plank was there, and in addition the assistant general manager stated that soon after the accident the plaintiff claimed to him that she fell between the rails and made no mention of a plank.

It was, therefore, a controverted question of fact for the jury to settle, and the question of credibility played an important part. While the correctness of the verdict seems to the court to be by no means free from doubt, we do not think it is so manifestly and palpably wrong as to require reversal. No questions of law are raised and on the single issue of fact found by the jury in the plaintiff's favor we do not feel bound to interfere. The verdict of $1,007.75 was not excessive. Motion overruled. *McGillicuddy & Morey*, for plaintiff. *William H. Newell*, for defendant.